[Docket No. 5]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| THOMAS ANNECHARICO,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>        Defendant. | Civil No. 11-6508 (RMB/KMW)<br><br>**OPINION AND ORDER** |

Appeareances:

Thomas Annecharico
P.O. Box 151
Oceanville, NJ 08231
    *Pro se* Plaintiff

Kellie A. Lavery
Reed Smith, LLP
136 Main Street
Suite 250
Princeton, NJ 08543
    Attorneys for Defendant

BUMB, United States District Judge:

*Pro se* Plaintiff Thomas Annecharico alleges that Defendant Bank of America, N.A. ("Defendant") failed to update his credit card address as he requested, thereby causing him to fail to receive a credit card statement and wrongfully incur a $35.00 late charge. Plaintiff further claims that he has continued to

make the required minimum payments on the credit card minus the allegedly improper late charge, but has been subjected to additional $35.00 late fee charges each month as a result. Plaintiff now claims that, as a result of this dispute, the Defendant is "willfully and knowingly reporting incorrect past due information to the credit bureaus" and that this has caused him damage.  Defendant has moved for dismissal of Plaintif's Complaint.  For the reasons that follow, that motion is GRANTED, in part.

I. Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 129 S.Ct. at 1949).

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations,

>       a court should assume their veracity and then determine
>       whether they plausibly give rise to an   entitlement for
>       relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)(quotations and citations omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009)(" . . . [A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

II.   Analysis

While Plaintiff's Complaint (the "Complaint") does not contain any formally denominated counts, this Court liberally construes the *pro se* Plaintiff's Complaint as making two claims: (1) that Defendant reported incorrect information to credit bureaus; and (2) an alleged failure by Defendant to update Plaintiff's address and wrongful imposition of late fees based on that failure.  Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009)("Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally.").

With respect to the first claim, claims premised on the reporting of credit information to credit reporting agencies are governed by the Fair Credit Reporting Act (the "FCRA"), which totally preempts all potential state statutory and common law causes of action based on such conduct. Edwards v. Equable Ascent, FNCL, LLC, No. 11-cv-2638, 2012 WL 1340123, at *7

(D.N.J. April 16, 2012)(finding that such claims are totally preempted); Henderson v. Equable Ascent Financial, LLC, No. 11-3576, 2011 WL 5429631, at *5 (D.N.J. Nov. 4, 2011)(same); Nonnenmacher v. Capital One, No. 10-1367, 2011 WL 1321710, at *3 (D.N.J. March 31, 2011); Burrell v. DFS Services, LLC, 753 F. Supp. 2d 438, 451 (D.N.J. 2010)(finding that the FCRA "leaves no room for state law claims against furnishers of information . . . regardless of whether those claims are couched in terms of common law or state statutory obligations."). Under the FCRA, a plaintiff may only bring a claim against a furnisher of credit information, like the Defendant, based on a failure to furnish correct information to a credit rating agency, by alleging that: "(1) he sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Henderson, 2011 WL 5429631, at *3; Burrell, 753 F. Supp. 2d at 448; Paredes v. Sallie Mae, No. 11-2470, 2011 WL 5599605, at *6 (D.N.J. Nov. 16, 2011). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." Henderson, 2011 WL 5429631, at *3. Here, Plaintiff has failed to allege any of these required steps. Therefore, Plaintiff's first claim must be dismissed. Henderson v. Chase/Bank One Serv, No. 11-

3956, 2012 WL 136894, at *3 (D.N.J. Jan. 17, 2012)(dismissing FCRA claim for same reason); Soliz v. Client Services, Inc., No. 11-4210, 2011 WL 4343730, at *2 (D.N.J. Sept. 14, 2011)(dismissing FCRA claim where consumer had alleged that it had notified the furnisher of information about the dispute, but not the credit reporting agency).

The dismissal of Plaintiff's first claim calls into question this Court's subject matter jurisdiction to address Plaintiff's second claim. Defendant removed this matter from state court based on Plaintiff's FCRA claim raising a federal question. And Plaintiff's second claim does not appear to implicate a federal question or the amount in controversy necessary for diversity jurisdiction. Where all federal claims are dismissed and only state law claims remain, as here, a district court should decline to exercise supplemental jurisdiction over any remaining state law claims absent extraordinary circumstances. Shaffer v. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984). Those extraordinary circumstances do not appear to be present here in this early stage litigation, where there would be no unfairness or inconvenience to the litigants from remanding the matter to state court. Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the

district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

Therefore, on the facts alleged, Plaintiff has no federal cause of action and remand to state court to address Plaintiff's second claim appears to be appropriate.  However, before this Court can remand this matter, Plaintiff must first be afforded an opportunity to amend his Complaint to assert a viable cause of action under the FCRA, although the Court notes that Plaintiff's opposition states that he is not asserting an FCRA claim.  [Docket No. 6, "The plaintiff did not file a compl[aint] against the [defendant] for violating the [fair] credit reporting act."].  Therefore, the Court will neither address Plaintiff's second claim, nor remand this matter, at this time.  Instead, Plaintiff shall have 30 days to file an Amended Complaint asserting a proper FCRA claim.  If Plaintiff does not file an Amended Complaint within 30 days, this Court will remand this matter to state court to address Plaintiff's second claim.

III. Conclusion

For all these reasons, Plaintiff's Complaint is DISMSISED, in part, without prejudice.  Plaintiff shall have 30 days to file an Amended Complaint.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE

Dated: May 11, 2012